# IN THE UNITED STATES DISTRICT COURT FOR THE
## MIDDLE DISTRICT OF TENNESSEE
## COLUMBIA DIVISION

| | | |
|---|---|---|
| **KEVIN L. FRENCH  #511721,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **NO.  1:20-cv-00023** |
| | ) | |
| **PAUL MORGAN HARRIS, et al.,** | ) | **JUDGE CAMPBELL** |
| | ) | |
| **Defendants** | ) | |

## MEMORANDUM AND ORDER

Plaintiff Kevin L. French, a convicted state prisoner incarcerated in the Turney Center Industrial Complex in Only, Tennessee, filed a pro se complaint for alleged violation of his civil rights pursuant to 42 U.S.C. § 1983. (Doc. No. 1.)  In lieu of paying the filing fee, he also filed an application to proceed in district court without prepaying fees and costs ("IFP application"). (Doc. No. 2.)  The case is before the Court for a ruling on the IFP application and for an initial review pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(e)(2) and 1915A, and 42 U.S.C. § 1997e.

## I.    APPLICATION TO PROCEED AS A PAUPER

Under the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(a), a prisoner bringing a civil action may be permitted to file suit without prepaying the filing fee required by 28 U.S.C. § 1914(a).  Because Plaintiff's submission establishes that he currently lacks sufficient funds to pay the filing fee, his IFP application (Doc. No. 2) is **GRANTED**.

Pursuant to 28 U.S.C. §§ 1915(b) and 1914(a), Plaintiff must still pay the $350.00 civil filing fee in installments.  The administrator of the facility in which Plaintiff is currently incarcerated, as custodian of his trust account, is **DIRECTED** to submit to the Clerk of Court, as

an initial payment, the greater of: (a) 20% of the average monthly deposits to Plaintiff's credit at

the jail; or (b) 20% of the average monthly balance to Plaintiff's credit for the six-month period

immediately preceding the filing of the Complaint. 28 U.S.C. § 1915(b)(1). Thereafter, the

custodian shall submit 20% of Plaintiff's preceding monthly income (or income credited to

Plaintiff for the preceding month), but only when the balance in his account exceeds $10.00. 28

U.S.C. § 1915(b)(2). Payments shall continue until the $350.00 filing fee has been paid in full to

the Clerk of Court. 28 U.S.C. § 1915(b)(3).

The Clerk of Court **MUST** send a copy of this Order to the Warden of the Turney Center

Industrial Complex to ensure payment of the filing fee. If Plaintiff is transferred from his present

place of confinement before the fee is paid in full, the custodian must ensure that a copy of this

Order follows him to his new place of confinement, for continued compliance with the Order. All

payments made pursuant to this Order must be submitted to the Clerk of Court for the United States

District Court for the Middle District of Tennessee, 801 Broadway, Nashville, TN 37203.

## II.     INITIAL REVIEW OF THE COMPLAINT

Pursuant to 28 U.S.C. § 1915(e)(2), the Court is required to conduct an initial review of

any complaint filed in forma pauperis, and to dismiss the complaint if it is facially frivolous or

malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief

against a defendant who is immune from such relief. In reviewing the complaint to determine

whether it states a plausible claim, "a district court must (1) view the complaint in the light most

favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M &

G Polymers, USA, LLC*, 561F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d

461, 466 (6th Cir. 2009) (citations omitted)). A pro se pleading must be liberally construed and

"held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*,

2

551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

Plaintiff's complaint is long and sprawling, but the gist of it is that a myriad of defendants including prosecutors, judges, defense attorneys, and professional review boards are responsible for his false arrest, malicious prosecution, fabrication of evidence, withholding of exculpatory evidence, and other "deceitful conduct" in connection with his state convictions for murder and especially aggravated robbery. (Doc. No. 1 at 17, 31.)

Plaintiff's claims relate directly to the validity of his confinement under a state criminal judgment and may not be presented under Section 1983 until that confinement is found to have been unlawful in another proceeding. The law is well established that "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement ... even though such a claim may come within the literal terms of § 1983." *Heck v. Humphrey*, 512 U.S. 477, 481 (1994) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 488–90 (1973)). A Section 1983 claim challenging the validity of a prisoner's confinement must be dismissed even where a plaintiff does not expressly seek his release. *Heck*, 512 U.S. at 489–90 (claim for damages is not cognizable). The United States Supreme Court has explained that a "prisoner's § 1983 action is barred (absent prior invalidation [of his conviction or sentence])—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—if success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81–82 (2005). For Plaintiff to prevail on his claims that his arrest and prosecution were unlawful would necessarily invalidate his conviction and imprisonment. His complaint is, therefore, not cognizable under Section 1983 unless and until Plaintiff succeeds in having his allegedly unlawful conviction remedied via state proceedings, or a federal writ of habeas corpus after exhaustion of

those remedies.

This Court's records make clear that Plaintiff has thus far failed to achieve such success. *See* Order, *French v. Johnson*, No. 3:16-cv-0552 (M.D. Tenn. Oct. 8, 2019) (Crenshaw, C.J.) (maintaining stay of federal habeas proceeding while state post-conviction appeal is pending). Plaintiff's criminal judgment and prison sentence thus remain standing despite his on-going efforts to have them vacated, and he may not effectively invalidate them in this action under Section 1983.

### III.     CONCLUSION

For the reasons explained above, this matter is hereby **DISMISSED** without prejudice to Plaintiff's ability to refile upon removal of the *Heck* bar to relief, if he succeeds in having his convictions invalidated via state proceedings or a federal writ of habeas corpus.

Any appeal of this Order would not be in good faith as required by 28 U.S.C. § 1915(a)(3).

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE

4